# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

No. 13-60708
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KIMBERLY CRAY BURK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CR-16-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Kimberly Cray Burk appeals the 96-month sentence imposed for her conviction for wire fraud. The sentence constituted an upward variance from her guidelines range of 37 to 46 months of imprisonment. Burk argues that the district court committed procedural error by failing to adequately explain its reasons for the sentence and that the sentence is substantively

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because it was greater than necessary to satisfy the sentencing goals under 18 U.S.C. § 3553(a).

Because Burk did not object on these grounds in the district court, her arguments are reviewed under the plain error standard. *See United States v. Chon*, 713 F.3d 812, 823 (5th Cir.), *cert. denied*, 134 S. Ct. 255 (2013); *United States v. Heard*, 709 F.3d 413, 425 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013). Burk concedes that this court has applied the plain error standard where no objection to the substantive reasonableness of a sentence was made, but she wishes to preserve for further review whether such an objection is required to preserve the error.

To demonstrate plain error, Burk must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Chon*, 713 F.3d at 823. If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Burk argues that the district court failed to give adequate reasons for the sentence because it never provided an explanation for the rejection of her mitigation arguments, including her history of an abusive marriage, struggles with depression and anxiety, and abuse of medications. "The district court must adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (internal quotation marks and citation omitted). While within-guidelines sentences require little explanation, the district court must give a more detailed explanation for a non-guidelines sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "The farther a sentence varies from the applicable Guideline sentence, the more compelling the justification based on factors in section 3553(a) must be."

*United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks and citation omitted).

The district court heard Burk's arguments for a lesser sentence but indicated that an above-guidelines sentence of 96 months of imprisonment was appropriate in light of Burk's prior convictions for similar conduct, her commission of the instant offense while on bond awaiting sentencing in a prior fraud case, and the fact that her criminal conduct in this case continued over a prolonged period of time. The district court's statements were adequate to show that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Burk has not shown error, much less plain error, with respect to the adequacy of the district court's explanation for the sentence.

With respect to substantive reasonableness, Burk argues that the district court gave excessive weight to her criminal history and did not account for the fact that she had endured an abusive relationship, suffered from depression and anxiety, and abused medications. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The district court reasoned that Burk's history of similar convictions and the circumstances of the instant offense showed that Burk had no respect for the law or the property of others. The district court did not abuse its discretion, much less commit plain error, in sentencing Burk.

The judgment of the district court is AFFIRMED.